IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROB ALLEN MOORE, 601446, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-663-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On November 11, 1991, Petitioner pled guilty to aggravated robbery and was sentenced to fifty years imprisonment. *The State of Texas v. Rob Allen Moore*, No. F-9100958-TH(283rd Dist. Ct., Dallas, Tex., Nov. 11, 1991).

Petitioner does not challenge his conviction. Instead, he challenges the Board of Pardons and Paroles ("Board") decision to deny him release to parole.

Prior to filing this action, Petitioner exhausted his state court remedies. On April 21, 2006, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Moore*, No. 66,066-01. On January 31, 2007, the Court of Criminal Appeals denied the petition.

On March 21, 2007, Petitioner filed this federal petition. He argues the Board has violated his constitutional rights by denying him release on parole based on the nature of his

crime. On October 9, 2007, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations. Petitioner did not file a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In this case, the Board informed Petitioner on September 23, 2003, that it was denying him release to parole for the following reason:

> 2D   The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; the record indicates use of a weapon.

*Ex parte Moore*, No. 66,066-01 at 35. On July 14, 2005, Petitioner was again denied parole for the same reason. Therefore, as of September 23, 2003, Petitioner knew, or could have discovered through due diligence, that the Board considered the nature of his offense in denying him release to parole. Thus, the federal statute of limitations began on Petitioner's claims on September 23, 2003, and ended on September 23, 2004.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. Petitioner's state habeas proceedings, however, were not filed until after the one-year limitations period expired.

Petitioner's federal habeas petition was due by September 23, 2004. He did not file his petition until March 21, 2007. The petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 16 day of October, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).